**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TERRI PRUITT,

      Defendant-Appellant.

No. 06-3152
(D. Kan.)
(05-CR-20054-CM)

**ORDER AND JUDGMENT**
**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before **O'BRIEN, HOLLOWAY** and **McCONNELL**, Circuit Judges.

On consideration of Ms. Pruitt's petition for certiorari, the Supreme Court granted the petition and remanded to this court of appeals for further consideration in light of *Gall v. United States,* 128 S. Ct. 586 (2007). We have done so, considering anew the district judge's findings and his sentence as well. We are persuaded that our determinations remain correct for reasons given in our earlier opinion, 502 F.3d 1154 (August 29, 2007). We here identify particular reasons why we conclude our determinations were and are in accord with the principles stated in *Gall* and *Kimbrough* v. *United States*, 128 S.Ct. 558 (2007).

In our panel opinion we noted that the district court had first recognized that *United States v. Booker*, 543 U.S. 220 (2005), had rendered the Sentencing Guidelines advisory and the judge explained that he was required to calculate Pruitt's sentences under the Guidelines, but that he would consider the Guidelines range as one factor among other relevant factors. 502 F.3d at 1157. We noted that the district judge then addressed the sentence, closely tracking the factors set forth in 18 U.S.C. § 3553(a), considering the nature and circumstances of the offense, Pruitt's history and characteristics and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant. 502 F.3d at 1157. We pointed out that in essence, the district court stated that although it had authority to vary from the Guidelines range, no factors warranted doing so. We said that the district court concluded that 292 months' imprisonment was a reasonable sentence under the circumstances. *Id.*

We said that consistent with our opinion in *United States v. Kristl,* 437 F.3d 1050 (10th Cir. 2006), we would accord a presumption of reasonableness to a sentence within the Guidelines career-offender range. 502 F.3d at 1158. *Gall* emphasized that the appellate courts are to review the district court's sentencing decisions under a deferential abuse-of-discretion standard whether the sentence is

within the Guidelines or not. Our previous opinion utilized that standard.

Therefore we reinstate our previous judgment and affirm the judgment of the

district court.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge
